UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. BANK TRUST, N.A., as           )
TRUSTEE FOR LSF10 MASTER            )
PARTICIPATION TRUST,                )
                                    )
       Plaintiff                    )
                                    )
v.                                  )    No. 2:19-cv-00129-JDL
                                    )
GLENN FARRAR a/k/a                  )
GLENN E. FARRAR, JR.,               )
                                    )
       Defendant                    )

### MEMORANDUM DECISION AND ORDER ON MOTION TO SERVE DEFENDANT GLENN FARRAR, A/K/A/ GLENN E. FARRAR, JR., BY PUBLICATION

The plaintiff in this mortgage foreclosure action, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust ("U.S. Bank Trust"), seeks to serve defendant Glenn Farrar a/k/a/ Glenn E. Farrar, Jr., by publication. *See* Motion to Serve Defendant, Glenn Farrar a/k/a Glenn E. Farrar, Jr., by Publication ("Motion") (ECF No. 14). Because I conclude that U.S. Bank Trust has left avenues unexhausted and has failed to supply the requisite proposed order, I deny the Motion.

### I. Applicable Legal Standard

"Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, [or] delivering a copy to an agent authorized by appointment or by law to receive service of process[.]" *Edson v. Riverside Psychiatric Ctr.*, No. 1:16-cv-00079-JAW, 2016 WL 3257003, at *2 (D. Me. June 13, 2016); Fed. R. Civ. P. 4(e)(2). Service may also be accomplished

1

"by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district [court] is located or where service is made." *Edson*, 2016 WL 3257003, at *2; Fed. R. Civ. P. 4(e)(1).

Maine law allows service by alternate means "on motion upon a showing that service cannot with due diligence be made by another prescribed method[.]" Me. R. Civ. P. 4(g)(1). To meet that standard, the movant must provide "a draft, proposed order to provide the requested service by alternative means," containing the content specified in Rule (4)(g)(2), as well as an affidavit showing that (i) the movant "has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute[,]" (ii) "[t]he identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process[,]" and (iii) "[t]he requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit." Me. R. Civ. P. 4(g)(1)-(2).

The Law Court has observed that, because of societal and technological changes, "service by publication has become less likely to achieve actual notice of a lawsuit" and, therefore, "also less likely to meet the requirements of due process." *Gaeth v. Deacon*, 2009 ME 9, ¶ 26, 964 A.2d 621, 628. As such, it stated, "service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice." *Id.*

## II. Background

On March 27, 2019, U.S. Bank Trust filed a complaint seeking to foreclose on a property located at 100 Gary Street in South Paris, Maine (the "Property") for alleged breach of a mortgage and note owned by U.S. Bank Trust. Complaint (ECF No. 1) ¶¶ 19-28. That day, U.S. Bank Trust

arranged for the Oxford County Sheriff's Office to attempt service of the summons and the complaint on Mr. Farrar at the Property. Affidavit in Support of Motion [] to Serve Defendant, Glenn Farrar a/k/a Glenn E. Farrar, Jr., by Publication ("Affidavit") (ECF No. 14-1), attached to Motion, ¶ 3. On May 24, 2019, U.S. Bank Trust received an Affidavit in Support of Non-Service from Deputy Sheriff William Nelson stating that service had been attempted on April 9 and 12 and May 2, 2019, and that, as of the last attempt, "the house was empty with building permits on it." *Id*. ¶ 4.[1]

On June 4, 2019, U.S. Bank Trust sent a letter to the South Paris, Maine, Post Office seeking an alternate address for Mr. Farrar. *Id*. ¶ 5. On June 18, 2019, it received a letter from the South Paris Postmaster stating that Mr. Farrar had moved and left no forwarding address. *Id*. ¶ 6.

U.S. Bank Trust then conducted a series of online searches for Mr. Farrar's address. *Id*. ¶¶ 7-12. On June 19, 2019, it performed a search using the program LexisNexis Accurint that listed the Property as Mr. Farrar's current address. *Id*. ¶ 7. On August 20, 2019, it performed an internet search seeking an obituary or bankruptcy filing in Mr. Farrar's name that yielded no results. *Id*. ¶ 8. On September 25, 2019, and October 2, 2019, it performed additional LexisNexis Accurint searches that again listed the Property as Mr. Farrar's current address. *Id*. ¶ 9.

U.S. Bank Trust conducted several other online searches on October 2, 2019. *Id*. ¶¶ 10-12. It performed a social media search for Mr. Farrar and discovered a Facebook page listing South Paris, Maine, as his current city; however, there were "no recent posts by [Mr. Farrar] to support that he [wa]s living at that location." *Id*. ¶ 10. It searched probate proceedings for all of Maine's 16 counties on MaineProbate.net, finding no results for Mr. Farrar. *Id*. ¶ 11. Finally, it

---

[1] The Affidavit makes reference to several exhibits that were not filed with the Motion. For purposes of this decision, their absence is not dispositive.

searched the Property's address on Google Maps and found a photo of the Property dated October 2016 showing "multiple unregistered vehicles and articles of trash on the property." *Id.* ¶ 12.

### III. Discussion

Mindful that service by publication is a last resort, to be deployed when "it is not reasonably possible or practicable to give more adequate warning[,]" *Gaeth*, 2009 ME 9, ¶ 24, 964 A.2d at 628, this court has denied motions for service by publication on the basis of an insufficient showing of due diligence when a moving party failed to show that it had taken "even simple steps . . . such as contacting the defendant's former landlord, the defendant's brother or his brother's guardian, or engaging a private investigator" and had failed to specify "what 'internet searches' it undertook or what 'acquaintances' it contacted and when." *Camden Nat'l Bank v. Reid*, No. 2:13-cv-376-DBH, 2014 WL 1320944, at *2 (D. Me. March 28, 2014); *see also MATSCO v. Brighton Family Dental, P.C.*, 597 F. Supp. 2d 158, 162 (D. Me. 2009) (motion denied when "[a] number of avenues [did] not appear to have been exhausted[,]" such as contacting utility companies and querying whether any forwarding address had been left with the Postal Service); *Chase v. Merson*, No. 2:18-cv-00165-NT, 2018 U.S. Dist. LEXIS 144109, at *12-14 (D. Me. Aug. 24, 2018) (motion denied when "leads were left unexplored" in movant's attempts to serve defendant at property; for example, movant made only three visits to a property over a span of six days, made "no additional attempts . . . to confirm" that the property was the defendant's residence and serve process upon him, and did not hire a private investigator).

By contrast, this court has granted motions for service by publication when, for example, a movant made contact with a neighbor who stated that he had not seen the defendant at the property for four or five years, searched databases operated by the State of Maine Police and the Bureau of Motor Vehicles without success, and retained the services of a private investigator who

eventually "concluded that she had exhausted all means of locating" the defendant. *U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust v. Pinette*, 2:19-cv-00147-LEW, 2019 WL 5225446, at *1-2 (D. Me. Oct. 16, 2019).

On the showing made, I conclude that U.S. Bank Trust has not sufficiently demonstrated the exercise of due diligence in its attempts to locate Mr. Farrar to warrant the grant of its motion. To start, service was attempted only three times in the span of roughly three weeks, *see* Affidavit ¶ 4 – a circumstance in which "it is possible that [the defendant] was on vacation or that this was a seasonal property." *Chase*, 2018 U.S. Dist. LEXIS 144109, at *12-13. Yet, U.S. Bank Trust apparently made no attempt to return to the Property following that three-week period. Furthermore, while U.S. Bank Trust notes that the Property had "'building permits on it[,]'" Affidavit ¶ 4, it does not explain whether there was a name or contact information listed on those building permits, and there appears to have been no attempt to follow up with the person or entity building on the Property. Unlike in *Pinette*, U.S. Bank Trust notes no attempt to contact neighbors regarding Mr. Farrar's whereabouts and did not hire a private investigator to continue the search for him.

While U.S. Bank Trust reports that it performed a Google Maps search of the Property yielding an image dated October 2016 that "showed a house in disrepair with unregistered vehicles and trash littering the yard[,]" Statement of Material Facts, commencing on page [2] of Motion, ¶ 11, the relevance of the state of the Property in 2016 to Mr. Farrar's current whereabouts is not self-evident. In any event, the fact that the house now has building permits on it indicates that there has been activity on the Property since 2016, possibly indicating that Mr. Farrar has not abandoned the Property.

While there are no "ironclad prerequisites in an immutable list of steps to be undertaken," *MATSCO*, 597 F. Supp. 2d at 162, U.S. Bank Trust has not made a sufficient showing of due diligence in attempting to locate Mr. Farrar to warrant the grant of its motion. Beyond that, U.S. Bank Trust has failed to provide a draft order as required by Maine Rule of Civil Procedure 4(g).

### IV. Conclusion

For the foregoing reasons, the Motion is **DENIED** without prejudice.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 26th day of December, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge